UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

AHRON GEREIDI and
RUTH GEREIDI,                                    Civil Action No.:

                      Plaintiff,
    -against-                                **COMPLAINT**

MACYS, INC.,

                Defendant(s).     **DEMAND FOR JURY TRIAL**

-----------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiffs AHRON GEREIDI & RUTH GEREIDI ("Plaintiffs"), by and through their attorney, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for their Complaint against the Defendant MACY'S, INC. (hereinafter referred to as Defendant), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs brings this action on their own behalf for damages and declaratory and injunctive relief arising from Defendant's violation(s) under Title 47 of the United States Code §227, commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3. Plaintiffs AHRON GEREIDI and RUTH GEREIDI are residents of the State of New Jersey, residing at 1858 Attaya Road, Lakewood, New Jersey 08701.

4. Defendant (s), MACY'S, INC. has a Corporate Headquarters located at 7 WEST SEVENTH STREET CINCINNATI, OH 45202.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about September 2016, Defendant began communicating with the Plaintiffs by placing auto dialed phone calls to the Plaintiffs' cell phone numbers of 732-691-2539 and 732-

779-9134 and leaving messages. Whenever the Plaintiffs answer these callls they would hear a recording on the other end.

9. The Defendant's calls came from phone number 800-511-3207.

10. On September 22, 2016 in response to these phone calls Plaintiff Ruth Gereidi called into the Defendant and was connected with a female representative.

11. The representative asked the Plaintiff if she had a Macys account.

12. The Plaintiff said she did and the representative asked for the name that was on the card.

13. The Plaintiff gave the representative the information needed and the representative was able to locate the account. The representative then asked the Plaintiff if she was going to make a payment.

14. The Plaintiff informed the representative that they have been calling her and she does not want any further calls from them. The Plaintiff also asked the representative why she was receiving the calls from them.

15. The representative informed the Plaintiff the account was past due and that she asked the Plaintiff if she was going to make a payment and the call was disconnected.

16. On September 29th, 2016, the Plaintiff Ahron Gereidi called into the Defendant and was connected with a female representative.

17. The Plaintiff informed the representative he was receiving auto dialed phone call from Macy's and would like them to stop. The Plaintiff then asked the representative why he was receiving the calls.

18. The representative asked for the Plaintiff's name, date of birth and last four of his social security number to access and verify his account. The representative then informed the Plaintiff the phone calls he was receiving were regarding the due date on his account.

19. The Plaintiff asked for information on his account which the representative gave him. The Plaintiff then made a payment and the call was concluded.

20. Since the conclusion of the calls and both requests to have the phone calls stop the Defendant has made at least 175 phone calls to the Plaintiffs' cell phone numbers of 732-691-2539 and 732-779-9134.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

23. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d

1316, 1319 (S.D. Fla. 2012) <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in <u>Manno v.Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

24.   It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

25.   With the autodialed calls to Plaintiff's telephone commencing on or about September 2016 and continuing at a rate of approximately (175) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

26.   The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (175) times.

27. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

28. Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

29. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

30. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B. A declaration that the Defendant's practices violated the TCPA;

C. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: August 9, 2017

Respectfully submitted,

*[signature]*

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

*Attorney for the Plaintiffs',*
ARRON & RUTH GEREIDI

TO: MACYS
    7 WEST SEVENTH STREET
    CINCINNATI, OH 45202

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*